UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GALLAGHER BENEFIT SERVICES, INC.,** | | |
| **Plaintiff,** | : | |
| v. | | Case No. 2:18-cv-737<br>Judge Sarah D. Morrison<br>Magistrate Judge Kimberly A. Jolson |
| **GARY L. MOSELEY,** | : | |
| **Defendant.** | | |

**OPINION AND ORDER**

This matter is before the Court following Plaintiff Gallagher Benefit Services, Inc.'s failure to respond to this Court's Order to show cause (ECF No. 35). For the reasons that follow, Gallagher Benefit Services' claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

**I.**

Gallagher Benefit Services brought this action on July 27, 2018, against Defendants Gary L. Moseley and Excalibur Financial Services, LLC ("Excalibur") for breach of contract, breach of duty of loyalty, and tortious interference with a business relationship. (ECF No. 1.) On January 16, 2019, Mr. Moseley notified the Court that he filed a voluntary bankruptcy petition. (ECF No. 14.) The proceedings against Mr. Moseley were stayed, accordingly. (ECF No. 15.) Three months later, on April 18, 2019, the Magistrate Judge granted a motion to withdraw by counsel for Excalibur. (ECF No. 18.) The case sat idle for nearly a year, before the Court ordered a joint status report on April 23, 2020. ("April 23 Order," ECF No. 21.) The April 23 Order specifically requested information pertaining to Mr. Moseley's bankruptcy proceedings and

1

Excalibur's efforts to secure new counsel. (*Id*.) Gallagher Benefit Services filed a status report on May 7, 2020, representing that Mr. Moseley refused to participate in the development of a joint status report, but that a review of the docket indicated that he was discharged from bankruptcy on May 1, 2019. ("May 7 Status Report," ECF No. 22.) The May 7 Status Report included a copy of an email from Mr. Moseley's bankruptcy attorney indicating that "Mr. Moseley [who is the owner and statutory agent for Excalibur] will not be defending the claims against Excalibur." (ECF No. 22-3.) The Court lifted the stay the following day. (ECF No. 23.)

On May 29, 2020, the Court ordered the parties to meet and confer, and file a joint status report and proposed case schedule, within 14 days. (ECF No. 24.) Mr. Moseley was expressly ordered to respond to Gallagher Benefit Services' attempts to meet and confer, and Excalibur was expressly ordered to secure new counsel before the deadline. (*Id*.) Mr. Moseley and Excalibur were given several subsequent opportunities to secure counsel for the corporate defendant. (*See* ECF Nos. 27, 30, 32.) On July 20, 2020, Gallagher Benefit Services informed the Court that Excalibur had been dissolved. (ECF No. 33.) Finally, on July 21, 2020, the Court ordered Excalibur to show cause within 14 days why it should not be found in default for failing to obtain counsel. (ECF No. 34.) Excalibur failed to respond or obtain counsel. Nor did Gallagher Benefit Services take any action – to either dismiss its claims against Excalibur, apply for an entry of default against Excalibur, or otherwise.

In the interim, Mr. Moseley's bankruptcy counsel filed a Notice of Bankruptcy Discharge and Discharge Injunction. (ECF No. 25.) The Notice included the Order of Discharge in Mr. Moseley's bankruptcy proceeding, signed by United States Bankruptcy Judge C. Kathryn Preston, which purports to enjoin Gallagher Benefit Services' claims against Mr. Moseley. (*Id*.)

Gallagher Benefit Services did not amend or dismiss its claims against Mr. Moseley, nor did it offer argument as to why its claims were not subject to the discharge injunction.

On August 10, 2020, the Court ordered Gallagher Benefit Services to show cause why its claims should not be dismissed for failure to prosecute, following its failure to apply for an entry of default against Excalibur, and in light of Mr. Moseley's bankruptcy discharge injunction. (ECF No. 35.) Gallagher Benefit Services failed to respond to the Court's Order in any way.

## II.

A district court has inherent authority to dismiss a plaintiff's action because of its failure to prosecute, or for its failure to comply with the court's orders. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."). *See also Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations and alterations omitted).

The Court of Appeals for the Sixth Circuit directs a district court to consider the following four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (quoting *Knoll*, 176 F.3d at 363).

### III.

Under the present circumstances, the Court finds it is appropriate to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). Gallagher Benefit Services has been aware of (i) Excalibur's specific intention not to defend in this action since at least May 6, 2020, (ii) Mr. Moseley's bankruptcy discharge since at least May 7, 2020, and (iii) Excalibur's dissolution since at least July 20, 2020. Yet, Gallagher Benefit Services has done nothing to either alter or advance its claims in response. What's more, Gallagher Benefit Services failed to comply with a clear order of the Court, which established a reasonable deadline for compliance. This failure constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 Fed. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Notwithstanding Gallagher Benefit Services' disregard for its orders, the Court recognizes that Mr. Moseley and Excalibur do not have clean hands. The Defendants' conduct—failing to respond to opposing counsel and refusing to comply with Court orders to file status reports or obtain counsel—could likewise be described as contumacious. Therefore, although the Court could dismiss Gallagher Benefits Services' claims *with* prejudice, such a drastic sanction is not warranted. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**